J-S81021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONMEL WILLIAMS | |
| Appellant | No. 1224 EDA 2016 |

Appeal from the PCRA Order April 5, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003755-2009

BEFORE: BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.: **FILED FEBRUARY 21, 2017**

Ronmel Williams appeals from the April 5, 2016 order entered by the Lehigh County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On June 15, 2010, Williams pled guilty to two counts of criminal attempt (homicide).[1] On August 17, 2010, the trial court sentenced Williams to two concurrent terms of 15 to 30 years' incarceration. On August 24, 2010, he filed a post-sentence motion to reconsider sentence, which the trial court denied on August 27, 2010. On September 8, 2010, Williams filed a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 901.

direct appeal, challenging the discretionary aspects of his sentence. On May 11, 2011, this Court denied Williams' petition for allowance of appeal from the discretionary aspects of his sentence and allowed counsel to withdraw.

On May 27, 2011, Williams filed a *pro se* "petition for review" in the trial court. The trial court denied Williams' petition. On June 29, 2011, Williams filed a notice of appeal from the trial court's order. On March 7, 2012, this Court vacated the trial court's order and remanded with directions that the petition be considered Williams' first PCRA petition and that counsel be appointed to represent Williams. After a hearing on May 11, 2012, the PCRA court dismissed Williams' petition and granted his PCRA counsel's request to withdraw. Williams appealed, and this Court affirmed on May 8, 2013.

On September 16, 2014, Williams filed a "Motion to Correct Patent/Obvious Error *Nunc Pro Tunc*." The PCRA court considered the motion as Williams' second PCRA petition, which it dismissed on November 21, 2014. Williams appealed, and this Court affirmed the PCRA court's order on August 12, 2015.

On March 4, 2016, Williams filed the instant *pro se* PCRA petition, his third. On March 8, 2016, the PCRA court sent Williams notice of its intent to dismiss his petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On March 31, 2016, Williams responded to the PCRA court's notice of intent to dismiss. On April 5, 2016, the PCRA court

dismissed Williams' petition. On April 19, 2016, Williams timely filed a notice of appeal.

Williams raises the following issues on appeal:

1. Did sentencing court err in Sentencing Appellant to a 15-30 years sentence for an Attempted Homicide Where Serious Bodily Injury (SBI) was never found clearly violates Title 18 PaC.S. § 1102(c)?

2. Did trial court err in not holding Appellant's PCRA claims in the fashion of an illegal and unconstitutional sentence?

Williams' Br. at 6.

Before addressing the merits of Williams' PCRA petition, we must first determine whether his petition was timely.

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super. 2015), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking [] review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Williams' judgment of sentence became final on June 10, 2011, when the time to seek review in the Pennsylvania Supreme Court expired.[2] He had one year from that date, that is, until June 10, 2012, to file a timely PCRA petition. His current petition, filed on March 4, 2016, is therefore facially untimely. Williams' petition remains untimely unless it alleges and proves a PCRA time-bar exception.

_____

[2] Williams did not file a petition for allowance of appeal with our Supreme Court within 30 days after this Court affirmed his sentence on May 10, 2011. *See* Pa.R.A.P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed.").

Williams appears to argue that his petition is timely under the newly recognized constitutional right exception to the PCRA time bar.[3] He contends that his PCRA petition was timely because he filed it within 60 days of the United States Supreme Court's decision in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). Williams' Br. at 8-9. In **Montgomery**, the Supreme Court held that **Miller v. Alabama**, 132 S.Ct. 2455 (2012), created a substantive rule that applies retroactively to cases on collateral review. **Montgomery**, 136 S.Ct. at 732. In **Miller**, the Supreme Court held that "mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S.Ct. at 2460 (emphasis added).

Although Williams filed the instant PCRA petition within 60 days of the **Montgomery** decision, neither **Montgomery** nor **Miller** provides Williams with relief. First, Williams was 24 years old at the time he committed his crimes, and the **Miller** rule is limited to those who were under the age of 18. Second, Williams was sentenced to two concurrent 15- to 30-year sentences, not a life sentence without parole; **Montgomery** did not extend **Miller's** ruling to non-life sentences.

---

[3] "The Constitutionality in **Montgomery**, where Substantive Due Process applies to Appellant and the new ruling gives Appellant 60 days to file under 42 Pa.C.S.A. § 9545(b)[(1)](iii)." Petition for Post Conviction Relief Act, 3/4/16, at 6.

To the extent Williams argues that he is entitled to present PCRA claims pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and **Apprendi v. New Jersey**, 530 U.S. 466 (2000), he failed to file his petition within 60 days of both of these decisions as required by section 9545(b)(2). Moreover, our Supreme Court has held that **Alleyne** does not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

Because Williams has neither alleged nor proven any exception to the one-year time bar, the instant PCRA petition is untimely. Accordingly, the PCRA court properly dismissed the petition.[4]

Order affirmed.

---

[4] The PCRA court dismissed Williams' petition without an evidentiary hearing. "We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014). We note that the right to an evidentiary hearing on a PCRA petition is not absolute. **Id.** "[A] PCRA court may decline to hold a hearing on [a] petition if petitioner's claim is patently frivolous or lacks support from either the record or other evidence." **Commonwealth v. duPont**, 860 A.2d 525, 530 (Pa.Super. 2004). Here, the PCRA court did not abuse its discretion by dismissing Williams' PCRA petition without an evidentiary hearing, as it found that the petition was without merit. Order, 4/5/16, at 1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/2017